**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ADRIENNE C. CORTI,
<u>Plaintiff-Appellant,</u>

v.                                                                          No. 99-1320

STORAGE TECHNOLOGY CORPORATION,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Walter E. Black, Jr., Senior District Judge.
(CA-97-608-B)

Submitted: August 31, 1999

Decided: October 28, 1999

Before ERVIN,* NIEMEYER, and WILLIAMS, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Patricia A. Smith, Alexandria, Virginia, for Appellant. Stephen M.
Silvestri, Gina S. Lindekugel, MILES & STOCKBRIDGE, P.C., Bal-
timore, Maryland, for Appellee.

_____

*Judge Ervin was assigned to the panel in this case but died prior to
the time the decision was filed. The decision is filed by a quorum of the
panel pursuant to 28 U.S.C. § 46(d).

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Adrienne Corti appeals the district court's order awarding summary judgment to Appellee Storage Technology Corporation ("Storage-Tek") on Corti's claim of gender based employment discrimination brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e - 2000e-17 (West 1994 & Supp. 1999). Corti claims that the district court applied the wrong standard under the familiar McDonnell Douglas burden-shifting framework, and that summary judgment was improper because she produced sufficient evidence of pretext to place a material fact in dispute. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). We agree.

Corti first claims that the district court erred in its determination that her case was controlled by the precepts of Duke v. Uniroyal Inc., 928 F.2d 1413 (4th Cir. 1991). In Duke we applied a variation of the McDonnell Douglas standard to a reduction in force (RIF) case because of the difficulty of determining whether the plaintiff was replaced by an individual outside of the protected class. See Duke, 928 F.2d at 1417. In contrast, it is undisputed that Corti was replaced by Curtis Mikkelsen, a male. Accordingly, application of the RIF standard was incorrect. See Tuck v. Henkel Corp. , 973 F.2d 371, 375 (4th Cir. 1992).

Turning to the district court's ultimate award of summary judgment, we find that Corti adduced sufficiently probative and admissible evidence regarding pretext to place the matter before a jury. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986) (stating that credibility determinations and weighing of the evidence are jury functions and not those of a judge). Although much of Corti's evidence consisted of third party statements made to current and former employees of StorageTek, such statements are likely admissible, see FED. R. EVID. 801(d)(2), and are probative as to Corti's claim.

2

Corti produced deposition testimony from several current and former employees of StorageTek that raises a specter of improper discrimination within the company's sales division. Nancy Stachecki, another member of the sales force, filed a complaint with StorageTek's human resources department in 1994 alleging disparate treatment by her supervisor, Edward Hartman. Hartman also supervised Corti. Stachecki claims that she decided to leave the company when it became clear to her that she was not going to receive any assistance on her claim from her superiors or the human resources department.

Lisa Phillips, who also worked with Hartman, indicated in her deposition testimony that she felt "pushed out" by Hartman, and that he reassigned her sales accounts to men in the office that demonstrated more "malelike behavior." (Joint Appendix ("J.A.") at 818, 837-38, 845). Phillips also claimed that Hartman had a "buddy buddy relationship" with men on the sales force, but was closed to input by Corti. (J.A. at 821).

Marvis Ross testified in her deposition that she was initially hired to work with the StorageTek sales force in 1994 but was later told that her supervisor was not comfortable working with women. Accordingly she was reassigned to work with Hartman. Similar to other women who worked with Hartman, Ross complained that she was overlooked. Ross testified that she left the company because she perceived that there was little possibility for advancement of women and minorities within StorageTek's ranks.

Cathy Yost worked in the StorageTek sales force from 1982 to 1997. Yost testified that StorageTek fostered a"boys club" atmosphere and that all of Corti's male supervisors and peers were part of the club. In addition to stating that members of StorageTek's management talked down to women in general, Yost claimed that she had been subjected to unwanted sexual harassment by Curt Mikkelsen, another of Corti's supervisors, and that his unwanted behavior continued after she reported it.

In addition to the individual statements by current and former employees at StorageTek, Corti produced evidence that the company had a history of failing to hire and retain women and other minorities in its sales force. Kathryn Madaleno, StorageTek's former human

3

resources manager, testified in her deposition that an audit of Storage-Tek by the Office of Federal Contracts Compliance in 1991 revealed inadequate employment of women and other minorities within the company. As part of a conciliation agreement with the government, StorageTek voluntarily reported on its efforts to employ minorities. During the voluntary reporting period, Corti, and several other women were hired into StorageTek's sales force. However, within two years of the reporting requirement's termination, all of the women except Corti had left StorageTek.

Beyond the general and specific evidence of discrimination within StorageTek, we also find that Corti proferred substantive evidence that cast doubt upon the validity of StorageTek's evaluation process. Although StorageTek's employee evaluations have the appearance of objectivity in that each of the five sections of the evaluations are numerically ranked, four of the five sections were based on the subjective input of Mikkelsen and Hartman. Corti produced evidence questioning the partiality of both Mikkelsen and Hartman. Furthermore, in the one section of the evaluation that was purely objective and quantifiable, the section relating to sales quota, Corti consistently was ranked number one amongst her peers. Indeed, at the time Corti was demoted, her superiors knew that she was the most profitable financial service manager for StorageTek nationwide. Although StorageTek may base its decisions to demote Corti on a myriad number of factors beyond her quantifiable financial results, a specter of discrimination is implicit when a company chooses to substantially ignore profitability in its decision making regarding its sales force.

StorageTek's evaluation process is also subject to enhanced scrutiny because of the lack of evidence produced by StorageTek to suggest that the process employed here was part of the company's standard practice. Although the company had undergone several reorganizations in recent history with associated reductions in force, it failed to produce any evidence to show that the selection process used to demote Corti had been applied previously.

We believe that these facts are sufficient to raise a dispute most appropriately resolved by a jury as the ultimate finder of fact. Accordingly, we hold that summary judgment was premature.

4

Finally, Corti has filed a motion asking this court to rule on the ongoing validity of a stipulated protective order concerning the confidentiality of discovery materials. The parties stipulated to the order sealing discovery materials before the district court, and the stipulation provides for resolution of disputes by that court. Therefore, we deny the motion to unseal without prejudice.

We vacate the district court's grant of summary judgment and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

5